FILED _____ LODGED
RECEIVED _____ COPY

OCT 21 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES DRNEK, et al., | No. CIV 01-242-TUC-WDB |
| Plaintiffs, | **ORDER** |
| vs. | |
| VARIABLE ANNUITY LIFE INS. CO., et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. Briefing has been completed and oral argument on the Motion was held on October 10, 2002. For the following reasons, the Motion is **DENIED** in part and **GRANTED** in part.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This case was originally filed in the Superior Court and removed to federal court by Defendants. In their original Complaint, Plaintiffs alleged that Defendants (VALIC and its marketing company) made materially misleading recommendations to the class members suggesting that deferred annuities were an appropriate investment vehicle for their retirement plans, when the tax-deferral feature of the annuities was redundant and the commissions and costs were higher than if the class members had purchased mutual funds or some other

1  investment. Plaintiffs are seeking recovery of the insurance charges and surrender fees of
2  the annuities.
3      Defendants filed their first Motion to Dismiss, which was heard on April 4, 2002.
4  Defendants argued (1) that Plaintiffs had failed to meet the heightened pleading standard of
5  the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, ("PSLRA") for
6  scienter in its federal claims, and (2) Plaintiffs' state law claims were preempted by the
7  Securities Litigation Uniform Standards Act of 1989 ("SLUSA"). Plaintiffs' claims under
8  Sections 11 and 15 of the PSLRA were dismissed for not having pled scienter sufficiently
9  and all the state law claims as preempted.
10     This left only Plaintiffs' Counts 4 and 5 – claims under § 10(b) concerning failure to
11 disclose the tax issue and suitability. However, before the Court's Order to dismiss was
12 filed, Plaintiffs filed a First Amended Complaint which added in individual defendants on
13 the PSLRA claims and a Count 6 under § 20(a) claiming liability by controlling persons.
14 Thus, the remaining claims include the PSLRA claims under §§ 11 and 15, with regards to
15 the individual defendants (Counts 1, 2, and 3) and Counts 4, 5, and 6.

16 **II.    THE MOTION TO DISMISS AND RESPONSE**

17     Plaintiffs argue in their Motion to Dismiss that Counts 1, 2 and 3 regarding violations
18 of §§ 11 and 15 should be dismissed as to the individual Defendants because of the prior
19 rulings finding that scienter had not been adequately plead. The Court agrees and these
20 Counts of the Amended Complaint shall be **DISMISSED**.
21     Plaintiff also argues that Count 6 of the Amended Complaint, regarding § 20(a),
22 controlling person liability, should be dismissed because the predicate § 10(b) claims (Counts
23 4 and 5) fail. Accordingly to Plaintiff, Count 4 (misrepresentation) fails to state a claim
24 because (1) § 10(b) liability cannot be predicated on a failure to disclose the tax treatment of
25 the investment; (2) Count 4 fails to plead actual damages; and (3) Count 4 doesn't meet the
26 PSLRA requirements for scienter. Plaintiff argues that Count 5 (suitability) fails as a matter
27 of law because (1) Plaintiffs' claim is based on a false premise that the insurance component
28

of the insurance aspect of the annuity is life insurance, when actually it is risk protection; (2) Plaintiff failed to allege fiduciary duty or control by Defendants, that annuities were actually unsuitable and there was justifiable reliance; and (3) Plaintiff failed to satisfy the PSLRA pleading requirements. Finally, the Defendants argue that the claims against individuals should be dismissed because they fail to allege control with sufficient specificity.

Plaintiff's assert in their Response that the Court has already upheld the claims under § 10(b). This is not accurate, however, as the Court did not implicitly deny the first Motion to Dismiss as to these claims. Accordingly, the Court considers the arguments of Defendants in this Motion to Dismiss as to these claims.

In the alternative, Plaintiffs argue that they have adequately alleged facts showing control, by the individual Defendants as they have sufficiently alleged that the controlling persons had participation in day-to-day affairs of the companies, a standard that is construed liberally and flexibly. Additionally, Plaintiffs note that they are not required to prove scienter or culpable participation by these persons, but only that they had the "power to direct or cause direction of management and policies."

Plaintiffs also assert that they have adequately pled and demonstrated their claims under § 10(b)(5). Plaintiffs' Complaint alleges the NASD conduct requirements and Notice 99-35, which specifically remind sellers of annuities that they should disclose the redundancy issue when selling tax-deferred annuities for use in already tax-deferred retirement accounts. Additionally, Plaintiffs allege that the Defendants specifically told their brokers to ignore the requirements stated by NASD. Plaintiffs argue that they have alleged justifiable reliance based on the Defendants placing themselves out as retirement and financial planners and loss causation as a result of Plaintiffs' reliance on Defendants' statements.

Defendants reply that all the individual Defendants but five should be dismissed because the claims naming them have been dismissed (Mary Cavanaugh, Kathleen Adamson, Carl Santillo, Rebecca Campbell and the Separate Account A). Defendants argue that

because Plaintiffs didn't address the Motion to Dismiss with respect to Count 4, they have conceded to dismissal. The Court rejects this argument.

Defendants sum up their arguments by stating that the PSLRA mandates dismissal of the First Amended Complaint because Plaintiffs must specify each misleading statement, the facts giving rise to a strong inference of scienter, and causation of loss. Here, Defendants argue that Plaintiffs have failed to identify a single false statement and generic allegations of motive do not satisfy the PSLRA. Additionally, they argue, Plaintiff cannot show loss causation, they have not alleged justifiable reliance, and they have failed to plead adequately control person liability. Thus, Defendants argue, Plaintiffs should not be rewarded with another opportunity to amend.

## III.  ANALYSIS

### A.  <u>Standard for Dismissal and Heightened Pleading Requirements</u>

The standard for determining whether a Plaintiff survives a motion for summary judgment is whether she has alleged sufficient facts, after adequate time for discovery, to establish the existence of an element essential to her case, and on which she will bear the burden of proof at trial. *Celotex Corporation v. Catrett*, 477 U.S. 317, *322, (1986). A complaint may be dismissed for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69 (1984). A district court's orders dismissing plaintiffs' federal claims with prejudice is governed by the federal system of notice pleading under Fed.R.Civ.P. 8(a). Rule 8(a)(2) states that a "pleading which sets forth a claim for relief. . . shall contain. . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Supreme Court has stated that "the Rule mean[s] what it sa[ys]." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). As the Court explained: "[Under] the liberal system of 'notice pleading' set up by the Federal Rules, Rule 8(a)(2) ... do[es] not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is

"a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed.R.Civ.P. 8(a)(2)).

All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996). Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. *Id.*

However, Defendants have argued that the PSLRA creates a stricter standard that the Plaintiff must meet to survive a motion to dismiss. The PSLRA states:

> (1) Misleading statements and omissions
> In any private action arising under this chapter in which the plaintiff alleges that the defendant –
> (A) made an untrue statement of material fact; or
> (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
> the complaint shall specify each statement alleged to have been misleading, the reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
> (2) Required state of mind
> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.
> (3) Motion to dismiss; stay of discovery
> (A) Dismissal for failure to meet pleading requirements
> In any private action arising under this chapter, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met.

15 U.S.C. § 78u-4 (b).

The Court reads these requirements as similar to those in Rule 9(b), Fed.R.Civ.P., in addition to analogizing this situation to the one that was presented in *Swierkiewicz v. Soreman N.A.*, 534 U.S. 506 (2002). While the statute and Rule 9(b) require a certain particularity when pleading securities fraud, this requirement must be balanced against the notice pleading rules and our courts' preference for liberal discovery. Thus, the Court will

consider whether Plaintiffs have made adequate statements in their Complaint as to the alleged omission, the resulting misrepresentation and the allegations of knowledge of the Defendants that may result in a finding of scienter.

### B.     Plaintiff's Allegations

Plaintiff's make the following allegations in their First Amended Complaint that support their action and go to a finding that they have sufficiently and particularly pled their claims. In ¶6, Plaintiffs allege "VALIC and VAMCO train their agents to hold themselves out to the public as financial advisors who have access to a broad range of financial products to meet the needs of clients. VALIC and VAMCO target 403(b) plan investors. . . in particular for deferred annuity sales, and train their agents to recommend a deferred annuity to every prospective customer who is eligible to invest through a 403(b) plan investment, without disclosing that the deferred annuity product is redundant and unnecessary, and regardless of whether the customer has an insurance need that is met by the product." Plaintiffs allege that Defendants target relatively unsophisticated investors.

Plaintiffs have alleged that Defendants' actions are contrary to the responsibilities of securities salespeople stated by the NASD in their Notice To Members 99-35, of which they have knowledge. Plaintiffs additionally allege that Defendants deliberately decided not to comply with NASD NTM 99-35 and told their salespeople not to comply.

As to damages, Plaintiffs allege that "[o]ver time, consumers who are sold deferred annuities to fund their qualified plans suffer severe economic harm. By retirement age, insurance fees and other detriments of deferred annuities. . . cause the loss of up to one-third of a retirement investor's account value as compared to straight investment products such as mutual funds." Additionally, high surrender fees inhibit investors from abandoning annuities. Plaintiffs also allege that Defendants push these investments because of the commissions are typically much higher.

Under the PSLRA, Plaintiffs must allege that Defendants omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in

which they were made, not misleading. Plaintiffs have alleged that Defendants asserted that the tax-deferred nature of the annuities was a valuable asset, a statement that may have been misleading because Defendants failed to state that this supposedly valuable feature was already provided by their 403(b) retirement plan. Additionally, Plaintiffs have alleged that Defendants failed to state that the value of this feature is generally acknowledged to exist only when an investors retirement account is fully-funded, a fact that is recognized by the NASD's rules.

Plaintiffs have also alleged sufficient facts that go towards scienter. Under the PSLRA Plaintiffs must, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind. Plaintiffs have alleged that Defendants knew of the NASD rule regarding the sales of annuities and consciously and deliberately advised their salespeople to ignore these rules. Accordingly,

## IV. CONCLUSION

IT IS HEREBY **ORDERED** that Defendants' Motion to Dismiss is **DENIED** as to Counts 4, 5, and 6.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as to Counts 1, 2 and 3.

DATED this 10th day of October, 2002.

William D. Browning
Senior United States District Judge