```
_____ FILED      _____ LODGED
_____ RECEIVED   _____ COPY

         NOV 1 2 2004

      CLERK U S DISTRICT COURT
        DISTRICT OF ARIZONA
  BY _____  DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES DRNEK, et al., | No. CIV 01-242-TUC-WDB |
| Plaintiffs, | **ORDER** |
| vs. | |
| THE VARIABLE ANNUITY LIFE INSUR. CO., et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' Motion to substitute Joanne Condon for Robert Condon, Plaintiff's Motion for Reconsideration of the Court's Order partially granting Defendant's Motion for Summary Judgment, and Plaintiff's Motion for Reconsideration of the Court's Order striking Plaintiffs' expert testimony and witness list. Defendants have not opposed the Motion to Substitute and it is **GRANTED**.

Plaintiffs ask that the Court reconsider its August 17, 2004, Order, in which the Court found that the testimony of Ronald Lehman should be stricken as untimely. The Court also found that Plaintiffs could not prove class-wide damages and that class certification should be vacated. The Court then gave the parties 30 days in which to brief the Court on the issue of whether the Plaintiffs could prove individual damages absent the testimony of the experts.

In their argument for reconsideration, Plaintiffs state that they did not rely on any untimely expert materials in opposing Defendants' motion for summary judgment on damages and causation. Mr. Largent was disclosed as a witness prior to the deadline and Plaintiffs argue that they were relying on a declaration submitted on November 20, 2003.

Defendants note, in their Response, that the result is the same, with or without the testimony of Mr. Largent and that the earlier statement by Mr. Largent is not substantial enough to support the damages claims of Plaintiffs. Defendants also offer new authority, *Poulos v. Caesar's World, Inc.*, 379 F.3d 654 (9th Cir. 2004), and other argument to support its contention that class certification is not warranted in this matter.

Rule 60, Fed.R.Civ.P., allows the Court to reconsider its orders for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud. In this matter, Plaintiffs argue that a mistake was made, in that the Court was "misled" as to effect of the earlier testimony of Mr. Largent and the weight of the untimely testimony that was stricken. The Court does not find that a mistake was made, rather that the Court and the parties disagree as to the usefulness of Mr. Largent's earlier testimony. The Court's decision to vacate class certification was based on all the evidence provided, not only the testimony of Mr. Largent. Accordingly, the Court finds no basis for reconsideration of its Order.

IT IS HEREBY **ORDERED** that the Motions for Reconsideration are **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Substitute is **GRANTED**.

DATED this 10 day of November, 2004.

_____
William D. Browning
Senior United States District Judge