IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES DRNEK, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE VARIABLE ANNUITY LIFE<br>INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | No. CIV 01-242-TUC-CKJ<br><br>**ORDER** |

　　　　Pending before the Court are the parties' proposed judgments.

*Procedural History*

　　　　This matter was originally filed in the Pima County Superior Court and was removed to this Court on May 25, 2001. The parties stipulated to the filing of an Amended Complaint. Plaintiffs brought this action under the Securities Exchange Act of 1934 on behalf of themselves and a class consisting of all persons who purchased an individual deferred annuity contract or who received a certificate to a group deferred annuity contract. These contracts were issued by Defendant Variable Annuity Life Insurance Co. during a specified time period and were used to fund a contributory (not defined benefit) retirement plan or arrangement qualified for favorable income tax treatment.

　　　　On January 21, 2004, the Court granted Plaintiffs' Motion for Class Certification. On May 4, 2004, the Court denied Defendants' Motion for Summary Judgment (Defendants' arguments included that they fulfilled any duty to disclose the source of the tax deferral in

1  their prospectus, there is no duty to disclose the tax information because tax law is within
2  the public domain, and the issue had been debated in the public domain).  On August 17,
3  2004, the Court granted Defendants' Motion to Strike the testimony of Steve Largent and
4  Defendants' Motion to Strike Plaintiffs' witness list.  Considering that finding "and the
5  arguments and evidence presented by the parties," August 17, 2004, Order, the Court found
6  that Plaintiffs could not prove a class-wide measure of damages.  The Defendants' Motion
7  for Summary Judgment (regarding damages and causation) was granted in part; the Motion
8  for Summary Judgment was not granted as to the individual claims.  The Court's conclusion
9  that Plaintiffs could not prove a class-wide measure of damages led to the Court's further
10 conclusion that the previous order granting class certification should be vacated.  The Court
11 directed the parties to file briefs on the issue of whether Plaintiffs can prove individual
12 damages and causation as to the named Plaintiffs, absent testimony from their expert or other
13 witnesses.  The pleadings[1] submitted by the parties indicate that the parties agree that
14 Plaintiffs are unable to pursue the claims.

15     On November 12, 2004, the Court denied Plaintiffs' Motions for Reconsideration,
16 stating, "that the Court and the parties disagree as to the usefulness of Mr. Largent's earlier
17 testimony.  The Court's decision to vacate class certification was based on all the evidence
18 provided, not only the testimony of Mr. Largent."  11/14/04 Order, p. 2.  This Court denied
19 a renewed Motion for Reconsideration on June 28, 2005.

20

21 *Proposed Orders*

22     The parties' proposed orders reflect the parties' disagreement as to whether the Court's
23 determination that Plaintiffs could not prove a class-wide measure of damages was the result
24 solely of the striking of Plaintiffs' expert and witnesses or consideration of other evidence.

25 ─────────────────────
26 [1]Plaintiffs' Memorandum Pursuant to the Court's August 17, 2004, Order (Doc. # 298)
   and Defendants' Supplemental Brief in Support of Their Motion for Summary Judgment on
27 Plaintiffs' Individual Damages Claims (Doc. # 299).

28

1  The denial of the Motion for Summary Judgment as to the individual claims indicates that
2  the Court was not denying the motion as to the class-wide claims on the merits.
3       Although the Court's statements that:  (1) the Court considered not only the striking
4  of the testimony, but also the arguments and evidence presented by the parties in the August
5  17, 2004, Order and (2) the "parties disagree as to the usefulness of Mr. Largent's earlier
6  testimony" and "decision to vacate class certification was based on all the evidence
7  provided" in the November 12, 2004, Order appear to indicate the Court considered
8  additional evidence, this language is *dicta*.  The Court's ruling denying Defendants' Motion
9  for Summary Judgment as to the individual claims in the August 17, 2004, Order requires
10 this Court to deny Defendants' proposed order that (1) grants Defendants' Motion for
11 Summary Judgment in its entirety and (2) rules explicitly on Plaintiffs' Motion for Class
12 Certification.
13      Therefore, the Court accepts Plaintiffs' Proposed Order.  The Court finds:
14      1.    On August 17, 2004, the Court issued an Order (Doc. # 290) granting
15 Defendants' Motions to Strike Plaintiffs' Witness List and the Declaration of Plaintiffs'
16 Expert, Steve Largent; granting, in part, Defendants' Motion for Summary Judgment on
17 Causation and Damages, and; vacating its January 21, 2004, Order granting Plaintiffs'
18 Motion for Class Certification.  In that Order, the Court directed the parties to submit briefs
19 on the question of whether the named Plaintiffs could prove individual damages and
20 causation without testimony from their expert or other witnesses.
21      2.    On November 10, 2004, the Court issued an Order denying Plaintiffs' Motion
22 for Reconsideration of the Court's Order Partially Granting Defendants' Motion for Summary
23 Judgment and Plaintiffs' Motion for Reconsideration of the Court's Order Striking Plaintiffs'
24 Expert Testimony and Witness List (Doc. # 306).
25      3.    After considering the briefs submitted by the parties pursuant to the Court's
26 August 17, 2004, Order (Doc. #s 298 and 299), the Court finds Plaintiffs will not be able to
27 prove their individual fraud claims (including materiality, duty, breach, causation or
28

1   damages) without access to experts and trial witnesses.

2

3          Accordingly, IT IS ORDERED:

4          1.    Defendants' Motion for Summary Judgment on Damages and Causation [Doc.
5   # 254] is GRANTED;

6          2.    All other motions pending before the Court, and all discovery disputes that
7   were briefed by the parties and are pending before the Court in this case, are DENIED as
8   moot;

9          3.    Judgment is awarded in favor of Defendants and against Plaintiffs;

10         4.    Plaintiffs shall take nothing;

11         5.    Defendants recover their costs from Plaintiffs as taxed by the Clerk, and;

12         6.    The Clerk of the Court shall enter judgment and shall then close its file in this
13  matter.

14         DATED this 5th day of August, 2005.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -