ORIGINAL

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DRNEK; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE VARIABLE ANNUITY LIFE INSURANCE COMPANY; et al., <br><br> Defendants - Appellees. | No. 05-16623 <br><br> D.C. No. CV-01-00242-CKJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted October 16, 2007
San Francisco, California

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

Drnek appeals from the district court's summary judgment in favor of Variable Annuity Life Insurance Company (VALIC) and from the district court's denial of Drnek's motion for discovery sanctions against VALIC. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion when it struck Drnek's proposed witnesses as a sanction for Drnek's violation of the terms of the court's scheduling order. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Federal Rule of Civil Procedure 37(c) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence . . . any witness or information not so disclosed."

The district court was within its discretion when it interpreted its own extension order to leave unchanged the due dates of individual discovery elements and concluded that Drnek had missed those deadlines. Willfulness, fault, or bad faith is not required for Rule 37(c) sanctions, *see Yeti*, 259 F.3d at 1106, and Drnek's failure to meet the deadlines was neither substantially justified nor harmless.

Confusion over deadlines is not substantial justification for a discovery violation. *Yeti*, 259 F.3d at 1106. Drnek was on notice that the district court may not have shared his interpretation of the extension order in February 2004 and he could have complied with the original due dates or asked the district court for another extension.

Interference with a trial schedule, even if a court can reschedule dates, is not harmless. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Furthermore, Drnek never argued to the district court that his failure to meet the deadlines was harmless and never asked for findings on harmlessness.

The district court did not abuse its discretion when it denied Drnek's motion for sanctions against VALIC based on Drnek's allegations that VALIC destroyed emails during the course of litigation. *See Avery Dennison Corp. v. Allendale Mutual Ins. Co.*, 310 F.3d 1114, 1117 (9th Cir. 2002). Drnek had the burden of proof to show VALIC's intent to destroy relevant evidence. *See Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). The district court did not abuse its discretion in determining that Drnek had not carried that burden because Drnek offered no specific evidence that any of the destroyed emails contained relevant information.

**AFFIRMED.**